No. 257.—STEWART & THEUS *v.* M. A. WALSH, Sheriff, et al.

If a mortgage has been recorded in the parish where the lands mortgaged are supposed to be situated, its validity will not be affected by the subsequent discovery, made in running the boundary line, that they are situated in the adjoining parish.

The court having jurisdiction over the parish where the mortgage is registered, and the chain of title to the property is recorded, has jurisdiction to enforce the mortgage by granting an order of seizure and sale of the property. In such a case the mortgageor can not successfully urge in defense to the sale that the property mortgaged lies in another parish, more especially if it is shown that the mortgageor is a resident of the parish where the order has been granted. In the latter case, if it were shown that the property mortgaged is situated in another parish, then the order might be directed to the sheriff of that parish.

APPEAL from the Tenth Judicial District Court, parish of Caddo Levisee, J. *Nutt & Leonard*, for plaintiffs and appellants. *A. D. Land*, for defendant and appellee.

HOWELL, J. Plaintiffs, as third possessors, have enjoined the seizure and sale of certain property in the suit of R. C. Hynson *v.* R. C. Cummings, pending in the parish of Caddo, on the grounds that the property seized is situated in the parish of Bossier, and the court in Caddo was without jurisdiction to grant the order of seizure and sale, and the sheriff of said parish is without authority to execute it. Defendant Hynson avers that the court of Caddo had jurisdiction, both of the person of the defendant and the land seized in the executory proceedings, and the act of mortgage held by him is recorded in said parish and contains the pact *de non alienando*.

Judgment was rendered in favor of defendant, dissolving the injunction, with damages, and plaintiffs appealed.

The land in question is situated on Shreve's Island, formed, it seems, by a cut off in the Red river some time anterior to the creation of the parish of Caddo in 1838, and the parish of Bossier in 1843, the dividing line between which is, by the several acts creating them, the Red river. The defendant contends that as the Red river at this point must be considered that portion which was then and has always since been navigable, that is, the "cut off," and not the "old river," which was not and is not navigable, the Legislature intended that stream as navigated to be the boundary of Caddo, and necessarily embraced and included the island within its limits or territory; while the plaintiffs urges the contrary, and claim to be supported by the established fact that the parish of Bossier has exercised jurisdiction over the said island, and has annually collected the parish taxes assessed upon the property thereon.

We do not deem it necessary or proper in this proceeding to attempt to settle the boundary between the two parishes, which are not before us. It is admitted that the acts of sales from several antecedent owners down to plaintiffs', are recorded in books of conveyances in the recorder's office of Caddo parish, and we are of opinion that, as to the parties to these acts at least, no insuperable objection can be urged to the jurisdiction of the court in Caddo to grant, and the authority to the sheriff to execute the order of seizure and sale against the said property, when, as in this case, the defendant in said proceeding is a resident of that parish, and it is doubtful in which parish the land is situated. The parties, by recording their titles in that parish only, may be considered as believing or treating the property to be within its limits, and we can see nothing in the circumstances which would invalidate the executory proceedings obtained in this instance.

It has been held that judgments or mortgages recorded in the parish where the lands were supposed to be situated, were not affected by the subsequent discovery, made in running the boundary line, that they were in the adjoining parish, as the jurisdiction exercised over the *locus in quo* is the result of a *common error*, which can not prejudice the rights acquired by mortgage creditors during its continuance.

Applying this principle here, if it should be found that the jurisdiction of Caddo parish, implied and recognized by the parties to the various sales in recording their titles and mortgages there, be proved to be an error, the said mortgage and property rights will not be prejudiced. And, besides, we can not see how the plaintiffs will be injured by the sale they injoin solely on this ground. They acquired no greater rights than their vendor, whose purchase was subject to the

pact *de non alienando*, and therefore if he passed a title at all to them, it was subject under the above principle to the mortgage resting on it, and as the mortgageor resided in Caddo, the writ could be directed to the sheriff of Bossier and be by him executed, if the land be really in the latter parish.

Judgment affirmed.